IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Criminal Action No. 03-cr-00232-RPM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JACK O. GRACE, JR.,

      Defendant,

and

VANGUARD GROUP, INC.,

      Garnishee.

_____

## ORDER TO ENFORCE GARNISHMENT
_____

On May 12, 2014, United States Magistrate Judge Michael J. Watanabe issued

his Recommendation on United States Writ of Garnishment (Doc. 1660) and Defendant

Jack O. Grace, Jr.'s Claim of Exemption (Doc. 1662).

Mr. Grace filed his objection on May 23, 2014 (Doc. 1667) and the government

filed its response on June 6, 2014. This Court has now reviewed the material submitted

to Magistrate Judge Watanabe and a transcript of the hearing held on April 23, 2014,

addressing the claim of exemption of the IRA account which is the target of the writ of

garnishment to Vanguard Group, Inc.

In his objections to the Recommendation Mr. Grace makes three arguments.

Argument One is that the United States established a payment plan which accepted

monthly payments of $100.00 and then ignored the plan by proceeding with

garnishment.  The government responds to this argument by asserting that only the Court can set a payment plan and that the Department of Justice cannot be bound by a "subjective interpretation of correspondence."

The letter dated March 19, 2014, from Patricia McGee Wake, Financial Litigation Unit, clearly states that the United States Attorney's office had decided to continue monthly payments of $100.00 after receiving the requested financial statement.  The writ of garnishment was issued on an application two days later.

This Court has no authority to compel the government's lawyers to honor such a promise or to restrict the power of the government to act dishonorably.

Argument Two is that the Application for Writ of Garnishment did not meet the requirements of 28 U.S.C. § 3205(b)(1)(B) because no demand for payment was made. The Magistrate Judge found that a Notice of Intent to Offset, dated August 31, 2012, and a letter of February 7, 2014, were sufficient.

That finding is accepted.  Even if there had been a technical non-compliance the requested remedy of quashing the writ would not be warranted.

Argument Three is that because a restitution judgment may be enforced to the same extent as a tax lien, the government must follow the procedures required by the Internal Revenue Code.  That argument was not raised in the proceedings before the Magistrate Judge.  It has no merit.  The Mandatory Victim Restitution Act (MVRA) provides that an order of restitution may be enforced "by all other available and reasonable means."  18 U.S.C. § 3664((m)(1)(A)(I).

It is obvious that the amount of restitution, $16,545,082 which this Court was required to order by mandate from the Tenth Circuit Court of Appeals will never be fully

paid by Mr. Grace.  He has made the suggestion that it would be logical for him and the government to agree to a series of planned distributions from the Vanguard IRA in consideration of the federal and state tax consequences of early withdrawal.  This Court has no power to order that approach but both fairness and concern for the interest of enabling Mr. Grace to avoid a life of poverty would suggest that his proposal be given serious consideration.

It is now

ORDERED, that the claim of exemption is denied and the writ of garnishment enforced.

DATED:    August 21st , 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge